**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No.: _____

Anita Keeney,

    Plaintiff,

v.

First Advantage Corporation,

    Defendant.

## COMPLAINT

For this Complaint, Plaintiff, Anita Keeney, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA").

2. Jurisdiction is proper pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

1. Plaintiff, Anita Keeney ("Plaintiff"), is an adult individual residing in Cedaredge, Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

2. Defendant First Advantage Corporation ("FAC") is a New York business entity with an address of 1 Concourse Parkway NE, Suite 200, Atlanta, Georgia. FAC is a consumer reporting agency as the term is defined by 15 U.S.C. § 1681(a)(f) and a reseller as the term is

defined by 15 U.S.C. § 1681(a)(u). FAC is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681(a)(d), to third parties.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

3. In or around May 2018, Plaintiff applied for a job at Walmart.

4. Thereafter, Walmart submitted Plaintiff's information to Defendant for a background screening report.

5. Defendant performed the background screening report, which included a criminal records search, and furnished the results to Walmart.

6. Upon Walmart's receipt of the report, Plaintiff was informed that she could not work for Walmart.

7. According to the report, Plaintiff was convicted of murder.

8. However, the information provided by Defendant to Walmart is inaccurate, as Plaintiff was never even tried for murder.

9. In addition to being denied employment, Plaintiff has suffered actual damages in the form of harm to reputation and emotional distress, including anxiety, frustration, embarrassment and humiliation.

10. Defendant failed to take any steps to verify the accuracy of the information contained in Plaintiff's report before furnishing it to Walmart.

11. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard of federal law.

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

12. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. 15 U.S.C. § 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

14. In addition, 15 U.S.C. § 1681d(d)(3) provides that "a consumer reporting agency shall not furnish an investigative consumer report that includes information that is a matter of public record and that relates to an arrest, indictment, conviction, civil judicial action, tax lien, or outstanding judgment, unless the agency has verified the accuracy of the information during the 30-day period ending on the date on which the report is furnished."

15. Defendant violated §§ 1681e(b) and 1681d(d)(3) of the FCRA by failing to follow reasonable procedures to assure maximum accuracy of the information contained in its report and by failing to verify the accuracy of the information contained in its report.

16. These failures directly prevented Plaintiff from securing employment, which has damaged Plaintiff.

17. As a result of Defendant's violations of §§ 1681e(b) and 1681d(d)(3) of the FCRA, Plaintiff is entitled to damages, costs, and attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in his favor and against Defendant as follows:

1. Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(B);

2. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

3. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

4. Attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2); and

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 10, 2018

Respectfully submitted,

By  */s/ Jenny DeFrancisco*

Jenny DeFrancisco, Esq.
CT Bar No.: 432383
LEMBERG LAW LLC
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
E-mail: jdefrancisco@lemberglaw.co
*Attorneys for Plaintiff*

Plaintiff:
Anita Keeney
195 North West 5th Street
Cedaredge, CO 81413